UNITED STATES ex rel. BUCCI v. BROMBERG, Acting Officer in Charge, Immigration and Naturalization Service.

No. 128.

District Court, W. D. Pennsylvania.

Aug. 17, 1945.

Anthony Troiano, of Pittsburgh, Pa., for relator.

Charles F. Uhl, U. S. Atty., of Pittsburgh, Pa., and Edward C. Boyle, Asst. U. S. Atty., of Pittsburgh, Pa., for respondent.

GIBSON, District Judge.

On July 26, 1945, this court heard the petition of the relator, Domenico Bucci, and ordered his discharge from custody.

The United States Attorney has requested the court to file a memorandum opinion relative to the matter, and this memorandum is in compliance with his request.

The record in this matter is somewhat bare, other matters appearing in informal discussion not appearing in it. From the record it would seem that the court based its judgment largely upon the failure of the Government to proceed to vacate the nat-

uralization order of this court before seeking deportation of the relator. While the court, at the time the order was made, was of the opinion that the order of naturalization forbade deportation until set aside—which opinion is less fixed at present by reason of subsequent investigation—nevertheless the order had other reasons back of it. The relator, while visiting Italy several times, did so under the protection each time of a United States passport. At no time did he remain for any extended time except after he was inducted into the Italian Army. His residence and employment have been continuously in the United States, with no violation of law cited against him.

The allegation against him was a declaration of his wife, seeking entry to this country, that her husband had served in the Italian Army. This admission was certified to the United States by the United States Consul at Rome.

At the time the relator was inducted into the Italian Army complaints of naturalized citizens of Italian birth were numerous to the effect that the Kingdom of Italy refused to recognize United States naturalizations and had forced them to do military service. This fact was known to the court, and received some weight in its decision. The long residence of the relator in this country, and his complaint to the naturalization officers—see testimony of William T. Shockley—made it plain that this petitioner had not voluntarily submitted to the military service after his naturalization.